## NEW-HAMPSHIRE STRAFFORD BANK *vs.* EBENEZER CORNELL *et al. plaintiffs in review.*

When judgment is rendered by consent in one county as of a prior term in another county, a writ of review of such judgment must be brought within one year from the last day of such *prior* term, otherwise it is barred by the statute of 1818, cap. 78, sec. 3.

In this state the intendment of law is, that judgment is entered on the last day of the term, unless judgment appears by the record to have been entered on a different day.

THIS was a review of an action, in which judgment had been rendered in favor of the *New-Hampshire Strafford Bank.*

The defendants in review come and say, " that the said " *Cornell and others,* their writ of review aforesaid ought not " to have and maintain, because they say that the said " writ of review was not brought and prosecuted within one " year next after the time when the judgment in the said " writ of review mentioned was rendered, and this," &c.

" And the said *Cornell et al.* say, that by any thing above " by the said *Bank* alleged, they ought not to be precluded " from maintaining their said writ of review, because they " say that the said writ of review was brought and prose- " cuted within one year next after the time when the said " judgment was rendered, and this they pray may be in- " quired of by the country."

And the defendants in review do the like.

The cause was submitted to the decision of the court upon such of the following facts as might legally be proved to a jury upon the trial of the above issue joined between the parties.

The judgment in the original action appears by the re- cord to have been rendered in this county at a term of this court, which commenced on the first Tuesday of September, 1818, and which ended previously to the 9th day of the same September. The writ of review in this case was tested and actually sued out on the 10th September, 1819. At the term when the said judgment appears by the record to have been rendered, the cause was tried by a jury, and a verdict returned for the *Bank,* upon which the plaintiffs in review moved for a new trial ;(1) and the court, wishing to take time to consider the motion, ordered that the cause should be continued, unless judgment should be rendered in some other county before the next term here. At the term of this court holden at Exeter, in the county of Rockingham, on the third Tuesday of September, 1818, the court over- ruled the said motion, and ordered judgment to be entered upon the verdict in this county as of September term, 1818, which was accordingly done.

WOODBURY, J. It is admitted in this case that the writ was brought within one year from the time the judgment was

(1) 1 N. H. Rep, 192.

Strafford Bank
*vs.*
Cornell et al.

(1) 3 Bl. Com. 383.

(2) 4 Coke 71, Heyndes case.

(3) 12 John. 140.
(4) Yelv. 35.—4 Coke 71.—14 Mass. Rep. 115.
(5) 3 Bl. Com. Apx. 3.

in fact agreed on ; but not within one year from the time it appears on the record to have been rendered. This results from the circumstance, that the action was continued nisi from this county, and when judgment was afterwards agreed on in Rockingham county, it was entered up here as of the preceding term, according to the established usage in cases of that kind.(1)

The difficulty consists in determining, whether the statute means by " the time of rendering the judgment," the time it was in fact rendered, or the time it appears, by the record, to have been rendered. If the record were in all cases incontrolable evidence of the time when the judgment was in fact rendered, the statute would then undoubtedly relate to the time appearing on the record. But though, as a general principle, records cannot be contradicted ; yet well established exceptions exist, which the defendants suppose may embrace the present case. Thus it seems to be settled, that " a fiction of law," for every purpose, except that " for " which it was invented," may be contradicted. *Cowp.* 177, *by Ld. Mansfield.—Burr.* 1243, *Morris vs. Pugh et al.*

But it is important to distinguish between those parts of legal proceedings, which are founded in fiction, and those which rest on relation ; or, in other words, on an intendment of law. Because these last cannot be contradicted by the parties. Thus a deed operates by relation from its delivery, though not recorded nor acknowledged till long after.(2) While a patent, or a charter, or a law operates in the same way from its date, though not promulgated till afterwards.(3) So in England, though judgments may be entered on particular days in a term,(4) yet it is usual to enter them as of the term generally ;(5) and then they operate by relation to the first day of the term. *Com. Di. title* " *Execution," D.* 1.—*Burr.* 1596.—*Tidd.* 850.—3 *Salk.* 212.—1 *Wils.* 39.—7 *D. & E.* 21.—5 *Coke* 74, *b.*—*Cro. Ch.* 102.—1 *Brod. & Bing.* 22.

While here, under similar circumstances, they operate by relation to the last day of the term. *Young vs. Bedel, Grafton, ss. May,* 1807.—8 *Mass. Rep.* 119, *Herring et al. vs. Polly.*

So the amendment of a declaration thus operates back to the time the declaration was filed.(1) And a commission of bankruptcy to the time the act of bankruptcy was committed.(2) See other cases. 1 *East* 405, *Pearson vs. Rowling.*—1 *Burr.* 20.—*Salk.* 109.—1 *Bl. Rep.* 65, *Cooper et al. vs. Chitty et al.*

Strafford Bank
*vs.*
Cornell et al.

(1) 7 D. & E. 698.
(2) 2 Str. 1042, Ambrose vs. Clendon.

But courts of law will not permit a party to a deed to contradict this relation or intendment of law. Nor will they admit evidence to make a law take effect subsequent to its date. 2 *Gallis.* 62.—1 *Wheaton* 58.—4 *D. & E.* 660, *Patten vs. Holmes.* Nor will they prevent a judgment from operating back by relation, though mesne conveyances may thus be avoided, and though one of the parties died before trial, but after the first day of the term. *Tidd.* 8 50.—1 *Salk.* 80.—2 *Burr.* 967.—2 *Ld. R.* 1415.—7 *D. & E.* 31.

I speak now of the effect of this principle in respect to the parties themselves.(3) See various other illustrations of it. 4 *B. & P.* 299, *Hill vs. Jebb.*—5 *East* 145, *Somerville vs. White.*—2 *Saund.* 101, d.—*Hard.* 23.—*Tidd* 852, 848.— 3. *Bl. Com.* 419, *note.* Indeed, if a judgment be not signed till the commencement of a subsequent term, its relation back to the commencement of the preceding term cannot be defeated, even by evidence of the intervening death of one party. *Com. Di.* " *Execution,*" D.—7 *D. & E.* 20, *Bragner vs. Langmead.*—6 *D. & E.* 369, *Heapy vs. Paris.*—6 *Mod.* 191.

(3) 1 B. P. 573.—3 Pier. Wms. 399.

But a " fiction of law" is an allegation in legal proceedings, that does not accord with the actual facts of the case; and which may therefore, as before remarked, be contradicted for every purpose, except to defeat the beneficial end for which the fiction is invented and allowed. Thus in transitory actions, the accustomed allegation, that the cause of action arose in the county where the suit is brought, is often a fiction; but it cannot be contradicted so as to defeat the jurisdiction of the court over the cause.(4) Thus the date of the writ, which, in England, is always by fiction in cases of a *latitat,* as of the preceding term, can be contradicted for many purposes, but not so as to avoid the writ, for not

(4) Cow. 177, Mastyn vs. Fabrigas.

Strafford Bank
*vs.*
Cornell et al.

having issued in the preceding term.   1 *Chitt. Pl.* 264.—
*Burr.* 967.—*Cow.* 456.—1 *Wils.* 147.—*Burr.* 1433, 1243.
—1 *Sider.* 373.   Thus in trover the allegation as to the loss
and finding of the property is generally a fiction ; but it can-
not be contradicted for the purpose of defeating the action.

Hence it follows, that if the entry and operation of the
judgment in this case, as of the preceding term was by rela-
tion, it can never be contradicted between the parties ; and
the record is, to every purpose between them, the only evi-
dence of the " time of rendering the judgment to be review-
ed."   But if the entry was by fiction, on the ground that it

(1) 6 Mod. 59.
—6 D. & E. 1.*

might by the court have been refused or permitted,(1) still
the fiction was invented to make the judgment operate to
every purpose between the parties, as of the preceding
term ; and consequently cannot be contradicted so as to de-
feat that end.

Thus, in England, where, in the ordinary practice in case
of verdicts, judgment is not rendered till after the fourth day

(2) 3 Bl. Com.
386, 395.

of the subsequent term ;(2) and is then entered as of the
preceding term, to give it an earlier operation, as between
the parties, the defendant is never permitted to avoid that
operation, by evidence of the true time when judgment was
agreed upon.   The delay is for the benefit of the defendant,
to move in arrest of judgment or for a new trial ; and when
unsuccessful in such motions, the judgment is properly en-
tered, *nunc pro tunc*, so that the plaintiff may not suffer by
the delay ; and when so entered, it should so operate to ev-
ery purpose between the parties, else the very design of the
entry may be defeated.   *Tidd* 846.—10 *Mod.* 29, *Sure vs.
Rest.*—*Burr.* 220.—1 *D. & E.* 638, *Bates vs. Lockwood.*

The same principles apply here to judgments rendered
like the present one in actions continued *nisi.*   In addition to
these reasons, the continuance *nisi* is usually by consent of
both parties, who are, or ought to be, aware of the conse-
quences.   Again, when judgment is pronounced on the cir-
cuit, we seldom do it unless both parties are present ; and

---

* 16 Mass. Rep. 192.

should then not enter up judgment till the succeeding term, if any sufficient objection were made by either party. 6 *D. & E.* 1, *Mara vs. Quin, Ex.—Burr.* 2277. But neither party should enjoy the benefits of a fiction, and then complain of its operation. 6 *Mass. Rep.* 490, *Davis vs. Blunt.*

Again, this fiction, if so it ought properly to be called, is permitted by the court after a hearing, or an opportunity to be heard, against it ; and afterwards to permit the parties to contradict the operation of it, would, in substance, be a reversal of the former express permission. It would, also, violate another principle, which evidently runs through all the cases, that a fiction allowed by the court can in no case be contradicted ; the contradiction is permitted of only such fictions as are voluntarily inserted by the party himself into his writ or declaration. 1 *D. & E.* 117, 118.—1 *Brod. & Bing.* 380, *Dallas, Ch. J.*

I feel more satisfied with this conclusion in the present case ; because, if the defendants have actual merits, we can relieve them on a petition for a new trial.

RICHARDSON, C. J. The statute of 1818, cap. 78, sec. 3, declares, "that no action of review shall be brought after " the expiration of one year from the time of rendering the " judgment to be reviewed."(1) Upon the true construction of this clause in the statute, must depend the decision of the question submitted to our determination in this case. For if by "the time of rendering judgment," the statute intended the time, when by general intendment of law, every judgment is supposed to be rendered, whether that time be here the first or the last day of the term, the intent of the statute must prevail, and the writ in this case is most clearly barred. But if by the time of rendering judgment, was intended the time when the court actually render judgment, we entertain no doubt, that the general intendment of law must give way to the intention of the statute, that fact must prevail against fiction, and that it would be competent, upon the trial of the issue joined in this case, to show the true time when judgment was rendered, and thus show the writ in this case

(1) 2 N. H. Laws 162.

42

Strafford Bank
*vs.*
Cornell et al.

(1) 2 Tidd 850.

(2) 2 Tidd's
Prac. 856.

(3) 1 N. H.
Laws 101.

not barred by the statute. By the ancient common law a judgment by general intendment had relation to the first day of the term, whereof it was entered of record, unless something appeared on the record shewing that it could not have that relation. 1 *Wilson* 39.—2 *Tidd's Prac.* 849.—7 *D. & E.* 21, *Bragner vs. Langmead.* And formerly, in England, as against the defendant and his heirs, and also as against subsequent purchasers, a judgment bound a moiety of all the freehold lands and tenements of which the defendant was seized, at or after the time to which the judgment related.(1) But the statute of 29 Car. 2, cap. 3, commonly called the statute of frauds and perjuries, took away the relation of judgments to the first day of the term, as against purchasers, and made provision that the day of the month and year when judgment was actually signed, should appear upon the record.(2) Since this statute, no doubt has ever been entertained, that the true time of signing a judgment might be shewn. And in 2 *Burrows* 966, *Johnson et a. vs. Smith,* it was decided in the King's bench, that " where the true time of suing out a " latitat is material, it may be shown notwithstanding the " *teste.*" See, also, 3 *Burrows* 1243, *Morris vs. Pugh et a.—F. Jones* 149, *Walburgh vs. Saltonstall.*—1 *Ventris* 362, S. C. It is the practice in this court to order certain causes to be continued, unless decided in some other county before the next term ; and when such causes are decided in another county, judgment is ordered to be entered up in the proper county as of the preceding term. This being the practice of the court, we are clear that the true time of rendering judgment may be proved, notwithstanding the record, whenever it is material to prove it. The real question, then, in this case is, when does the year within which writs of review must be brought, commence, within the true meaning of the statute ?

In making up an opinion upon this question, we have adverted to the statutes containing similar provisions. The statute of Feb. 8, 1791, sec. 9,(3) provides, " that no person " imprisoned upon *mesne process* shall be holden in prison " upon or by virtue of such process, after judgment shall be

" rendered on such process, on which such prisoner may
" have exacution against the plaintiff, or above the space of
" thirty days next after judgment shall be rendered thereon,
" upon which the creditor may have execution."

And the same section of the same statute,(1) provides that
" all goods or estate, attached, &c. shall not be released or
" discharged from such attachment, until the expiration of
" thirty days next after the rendering of such judgment, on
" which," &c.

By the statute of Dec. 22, 1808,(2) this court is author-
ized to grant a new trial in certain cases, " Provided that
" application be made, &c., within the term of three years
" from the rendition of the original judgment," &c.

The statute of Feb. 4, 1791, sec. 7,(3) makes the endor-
ser of a writ liable in certain cases, " on scire facias to be
" brought against such endorser within one year from the
" time of rendering judgment," &c.

By the statute of Feb. 15, 1797, sec. 2,(4) it is enacted,
" that no scire facias shall be served upon the bail, unless it
" be done within one year next after entering up final judg-
" ment against the principal."

The statute of June 16, 1791, sec. 3,(5) provides, that any
plaintiff, whose judgment has been reversed or arrested,
" may commence a new action or suit from time to time with-
" in one one year after such judgment reversed," &c.  And
the same statute, sec. 5, provides, that no judgment shall be
reversed for error, " unless the writ of error, &c. be com-
" menced, &c. within three years after such judgment enter-
" ed of record."

We are of opinion that the same construction which we
may give to the statute, upon which the question now be-
fore us arises, must be given to all the statutes to which we
have above referred; that the phrases " next after judgment,"
" next after the rendering of judgment," "from the rendi-
" tion of judgment," " from the time of rendering judgment,"
" after entering up final judgment," and " after judgment
" entered of record ;" all mean the same thing, and must be
construed to refer to one and the same time.  For uniformi-

Strafford Bank
*vs.*
Cornell et al.

(1) 1 N. H. Laws 102.

(2) 1 N. H. Laws 82.

(3) 1 N. H. Laws 100.

(4) 1 N. H. Laws 117

(5) 1 N. H. Laws 165.

ty and certainty, as to the commencement of these periods of limitation, are very important to the community. In this instance, as in many others, it is much more important that the law should be uniform and settled, than how it is settled.

According to the practice in this state, judgment may be entered on motion, any day during the term ; in which case a minute is made upon the record of the time of entering it ; and the time so minuted upon the record is, in all cases, considered the true time of entering the judgment. But when the time of entering judgment is not minuted upon the record, the general intendment of law is here, that it is entered upon the last day of the term. The general intendment is the same in Massachusetts.(1) And I am of opinion, that when any thing is limited by statute, to be done within a certain time after judgment, the statute must be construed as having a particular reference to the general intendment of law and the practice of courts, as to the time of entering judgment ; and the time of limitation must be reckoned from the last day of the term, unless the true time of entering judgment appears upon the record. The case of *Davis vs. Blunt*,(2) is directly in point. The judgment was rendered in that case at October term in one county, as of the preceding June term in another ; and the court held that an attachment, which, by the laws of Massachusetts, holds only thirty days after judgment, was thereby dissolved, and that the true time of rendering the judgment could not be shewn in order to save the attachment.(3) I am, therefore, of opinion, that the writ in the present case is barred by the statute, not having been sued out within one year after the last day of the term, in which the judgment appears by the record to have been entered and that the defendants in review are entitled to

*Judgment.*

(1) 8 Mass. Rep. 119, Herring et a. vs. Polly.

(2) 6 Mass. Rep. 487.

(3) See, also, 11 Mass. Rep. 204, Portland Bank vs. Maine Bank.