## MATTHEWS *vs.* HUNTLEY.

If the defendant, in an action for slander, introduce evidence to prove the truth of the words, the plaintiff cannot rebut that evidence by testimony that he has sustained a good general character.

CASE for slander. The defendant pleaded the general

issue, with a brief statement as follows : " The plaintiff will ' take notice, that the defendant, on the trial of the above ' issue, will give in evidence, and prove, that the several ' words, alleged in said declaration to have been spoken of ' and concerning the plaintiff, are true." On the trial of the case, the plaintiff, to rebut the evidence introduced by the defendant to shew that the matters alleged were true, offered evidence in favor of his general good character, to the admission of which the defendant objected, he not having offered any testimony to impeach the general character of the plaintiff. This evidence was admitted by the court, subject to further advisement ; and a verdict having been returned in favor of the plaintiff, the defendant moved for a new trial, on the ground that said evidence was improperly admitted.

*Handerson,* and *Wilson,* for the plaintiff. The case is to be considered as if, instead of the brief statement, the defendant had pleaded specially the truth of the words. The plaintiff was, in effect, put on trial for perjury ; and there seems to be the same reason for allowing him to give his good character in evidence, that there would be on trial of an indictment for the offence charged. And there are authorities which seem to show that he may do this, even under the general issue. But especially may he do this, we think, where he is in effect tried for the crime charged by the words. 2 *Stark. Ev.* 367 ; *Ibid.* 878 ; 5 *Esp. & Peake* 13.

*Chamberlain,* and *Hubbard,* for the defendant.

PARKER, C. J. The plaintiff, in this case, was permitted to give evidence of his general good character, to rebut the evidence introduced on the part of the defendant to prove the truth of the charge for which the action is brought.

There are authorities which tend to support this ruling in the court below.

Matthews
*vs.*
Huntley.

In *King* vs. *Waring & Wife, 5 Esp.* 13, which was an action for charging the plaintiff with dishonesty and misconduct, by which she had been prevented from getting a service ; Lord Alvanley permitted the plaintiff, upon the general issue, to give evidence of general good character, upon the ground that general character was in some respects in issue. The principle of this decision is doubted by Starkie, on account of the state of pleadings ; but he says : " Where indeed the defendant justifies the slander which ' conveys an imputation of dishonesty, the case may admit of ' a very different construction ; for there the party is charged ' with a crime, and in such a case character affords just the ' same presumption of innocence as if the party had been tried ' for the offence." 2 *Stark. Ev.* 367.

And in *Harding* vs. *Brooks, 5 Pick.* 244, which was an action for charging the plaintiff with being a liar, a knave, and a rascal, the defendant having filed pleas in justification, the plaintiff was allowed to introduce evidence of his good character, although no evidence had been introduced to impeach it, except the testimony in support of the pleas in justification.

The principle upon which this doctrine is to be sustained is not apparent.

In criminal cases respondents have been permitted to give evidence of general character, in order to repel the charge, upon the ground that a presumption of innocence arises from former conduct in society, as evidenced by general character, since it is not probable that a person of known probity or humanity would commit a dishonest or outrageous act in the particular instance. 2 *Stark. Ev.* 365.

Formerly, this evidence in criminal proceedings was admitted in capital cases only, and that in *favorem vitae ;* but it is now admissible in all cases of misdemeanors, where the character of the defendant is in jeopardy. *Ibid.*

This evidence, however, is not admitted merely because the character of the defendant is in jeopardy, but because of

the nature of the proceeding, and the judgment that may be rendered.

This is shown by the fact that it was formerly admitted in capital cases only. And it is further apparent from the fact that in actions where a party is charged with fraud, and upon a civil proceeding to recover a penalty, even if it take the shape of an information, such evidence is not admissible. 2 *Stark. Ev.* 367; 2 *Bos. and Pul.* 532, *Attorney General* vs. *Bowman, in note;* 1 *Phil. Ev.* 138 (145.)

Starkie says the principle of this distinction is not very intelligible; but it seems to be as apparent as the distinction between the degree of evidence of a fact required to convict a party of a crime, and the degree of evidence required to establish the same fact when brought in question in a civil suit.

The analogy, therefore, upon which the opinion of Starkie, and the decision in Harding vs. Brooks, seems in some measure to be based, does not appear to hold good.

Were this otherwise, no reason is perceived why the principle should not be extended to all civil cases where allegations affecting the reputation of either party may come on trial. In a proceeding by an heir at law, to set aside a will for fraud committed by the other party, or in any other civil cause involving a question of fraud by either party, the character of the party is often quite as much at stake as in many prosecutions for crimes; and yet the question, whether evidence of good character could be received to repel such allegations of fraud, would not be entertained for an instant.

And so in many cases of trespass. In *Ruan* vs. *Perry*, 3 *Caines* 120, it seems to have been held that in actions of tort, and especially charging the defendant with gross depravity and fraud, upon circumstances merely, evidence of good character was admissible to repel the evidence offered in support of the action; but this opinion cannot be regarded as an authority.

A fancied analogy between civil and criminal proceedings,

in relation to matters involving character, has perhaps occasioned some discrepancy of decision in other instances. In *Woodbeck* vs. *Keller*, 6 *Cowen* 118, and in *Clark* vs. *Dibble*, 16 *Wend.* 601, it was held that in slander charging the plaintiff with perjury, the defendant, in order to justify by proving the truth of the charge, must give evidence of the same strength as would be necessary to convict of perjury on a criminal prosecution. If this be so, such case must be an exception to the general rule applicable to civil cases.

A party undertaking to justify, in an action of slander, should undoubtedly satisfy a jury of the fact; but he should not be held to make out the charge beyond all reasonable doubt, because the plaintiff is not on trial for the crime, and, whatever the verdict may be, no punishment or disability is incurred by him. And this being so, the plaintiff should not be permitted to avoid the evidence offered, in any other manner than he could be permitted to avoid similar evidence in any other civil suit.

There is no hardship in this. A party may, in many instances, trust to his general character to exonerate him, in public estimation, from a charge or suspicion of particular misconduct; but if he brings a suit for the injury sustained by such charge, and the adverse party relies for justification upon its truth, the latter ought in justice to have that fact tried in the same way other facts are tried in civil cases.

In such case the parties stand upon equal ground; and, while the defendant is clearly precluded from adducing evidence of the plaintiff's bad character in support of a plea of justification, (15 *Pick.* 344) there seems to be no equality in permitting the plaintiff to avoid the facts which the defendant may prove in sustaining such plea, by evidence of good general reputation.

This view of the question does not, however, rest upon general reasoning alone, but is sustained by direct decisions. In *Cornwall* vs. *Richardson, Ryan and Moody* 305, which was an action of slander for charging the plaintiff with theft,

and with felony, and in which the defendant pleaded the truth in justification, the counsel for the plaintiff proposed to give evidence of his general character for honesty ; but Lord Chief Justice Abbot said he was not aware that in any case like the present, the plaintiff had been allowed to go into evidence of his general character for honesty.    That if such evidence was to be admitted on the part of the plaintiff, then the defendant must be allowed to go into evidence to prove that the plaintiff was a man of bad character.    It made no difference as to the admissibility of such evidence, that there was a special justification.

And in *Stow* vs. *Converse,* 3 *Conn. Rep.* 326, to rebut evidence adduced to establish the truth of certain specific charges against the plaintiff of official misconduct, the plaintiff offered witnesses to prove that he had ever sustained the character of an honest man ; but it was held that such proof was inadmissible.    Ch. J. Hosmer said, " there is no pretext for the assertion that such evidence was ever before admitted." "And as the plaintiff derives no support from adjudged cases, as little is derivable from principle."

These authorities are directly in point for the defendant. In *Powell* vs. *Harper,* 5 *Carr. and Payne* 590, in which pleas of justification were filed, the counsel for the plaintiff proposed to ask the defendant's witnesses what was the plaintiff's general character for honesty, and Mr. Justice Parke permitted the question to be put.    It would seem that it was understood that the plaintiff could not call witnesses to the fact, otherwise he would hardly have relied upon a cross examination of the defendant's witnesses to substantiate it. But its admissibility by way of cross examination is not explained further, than the statement that the judge thought it a legitimate question.

In *Bamfield* vs. *Massey,* 1 *Campbell* 460, which was an action for the seduction of the plaintiff's daughter, Lord Ellenborough ruled that evidence of good character could not be given, except in answer to evidence on the other side ;

Matthews
vs.
Huntley.

and the defendant having afterwards produced evidence to prove the daughter unchaste previously to his acquaintance with her, he still ruled that evidence of general good character could not be received ; but that the plaintiff was restricted to disproving the specific breach of chastity alleged on the part of the defendant.

And in *Dodd* vs. *Norris*, 3 *Camp*. 520, which was an action of a similar nature, in which the daughter had been cross-examined as to her conduct with the defendant ; the plaintiff's counsel having proposed to introduce testimony to the good character of the daughter, contending that it had become necessary, by the course of the cross-examination, Lord Ellenborough rejected the evidence.

These cases are no farther important than as they show that in actions of that nature, evidence of general good character has been deemed inadmissible as an answer to proof offered to establish specific facts affecting the character.

In *Doe* vs. *Walker*, 4 *Esp*. 50, the question being whether a will was fraudulently procured by two of the witnesses to it, who were dead, Lord Kenyon admitted evidence of their good character ; but this was as an exception to the general rule, which he admitted was as laid down by Mr. Justice Buller, in Farr vs. Hicks, that where particular fraud was imputed to a party, general evidence of character was inadmissible. Lord Ellenborough afterwards approved of that decision, for the reason that if the witnesses had been alive, their character would have appeared upon cross-examination, and that the party claiming under the will ought to have the same advantage as if they had been alive. 1 *Camp*. 210, *Bishop of Durham* vs. *Beaumont*.

We are of opinion that the verdict must be set aside, and the case transferred for a

*New trial.*