## Chesley *vs.* Chesley.

In an action founded upon a promise of marriage, the plaintiff is entitled to show circumstances of contumely and aggravation, attending the breach of the promise, in order to enhance the damages ; and for this purpose may prove the declarations of the defendant, even if they contain an actionable slander.

Referees may admit evidence which would not be admissible in a court of law, if they think proper to decide upon what they deem equitable principles, instead of being governed by strict rules of law.

Where referees, in an action for a breach of a marriage promise, admitted evidence of the plaintiff's good character, the defendant having assigned as a reason for discontinuing his attentions that she was a thief, and having offered evidence to support that allegation—*Held*, that this furnished no reason for setting aside the report, it appearing that the referees did not undertake to decide according to law.

Assumpsit, upon an alleged breach of a marriage contract.

The action alone was referred, and the referees reported in favor of the plaintiff, and awarded her five hundred dollars damages.

On the return of the report, the defendant moved the court to set it aside : 1. Because the plaintiff offered evidence, to enhance damages, that the defendant had charged her with being unchaste, which was objected to by the defendant, but received by the referees. 2. Because the plaintiff offered evidence to prove her general good character, which was objected to by the defendant, but admitted.

From the testimony of the referees, it appeared that the defence before them rested on two grounds. One, a general denial of any promise ; the other, that if any such promises were made, the defendant was justified in refusing to perform them, because the plaintiff had been guilty of larceny, of which the defendant had no knowledge until about the time of the alleged desertion.

In the course of the hearing, the plaintiff proposed to offer evidence that the defendant assigned as a reason for discontinuing his attentions to the plaintiff, that she was a thief, and that she had submitted her person to his pleasure ; and

Chesley *v.* Chesley.

to show that her general character was good, till this charge was made by the defendant. Some of this evidence related to declarations made by the defendant after his marriage.

The defendant objected to the admission of this evidence; but the referees decided that it should be received. The chairman of the referees testified that in deciding to admit it, they supposed that testimony, showing that the refusal to perform the promise to marry was accompanied or followed by circumstances calculated to wound the plaintiff's feelings, to injure her character, or destroy her prospects; or, on the other hand, showing that the defendant's attentions were discontinued in a manner least calculated to inflict permanent injury, was proper to be weighed in estimating the damages—that they supposed the relation in which the parties stood to each other might be shown, to enhance the damages, in an action for slander; and the circumstances of contumely with which the relation was broken off, might be proved, for the same purpose, in an action upon a marriage promise—That they also supposed that when the guilt or innocence of the plaintiff, of a particular crime, was directly brought in question by the nature of the defence, evidence of general good character was admissible, to be weighed in the decision of that question, and that in assessing damages the general character and standing of the plaintiff might be properly considered—And that they did not consider themselves bound to reject evidence which seemed to them calculated to throw light upon the case, because it might not be strictly admissible upon the trial of the same case at law.

*Christie,* for the defendant. 1. Referees cannot adjudicate upon a matter not submitted to them.

It could not have been contemplated by the parties, when they submitted this action, that they had authorized the referees to consider matter which was the substantive ground

Chesley *v.* Chesley.

of another action.    They might take into consideration mat-
ters which could not form the ground of a separate action.

The charge of larceny was much graver than the breach
of the contract of marriage, and the referees must have been
more influenced by this than by the rest of the case.

Part of the evidence of slander was after the defendant's
marriage to his present wife.    This was not connected with
the breach of contract.

2. The plaintiff was improperly allowed to go into evi-
dence of her general good character.    This was offered to
enhance the damages.

*James Bell, & Hale*, for the plaintiff.    There is no evi-
dence that the referees have taken into consideration matters
not submitted.    If the matter objected to was considered,
not as a ground of action, but only so far as it went to en-
hance damages, it is well enough.    If evidence is admissible
for any purpose, the court will not set aside a verdict, or
award.    The evidence was admissible to show the falsity
of the ground the defendant alleged, as the cause of his
breach of promise.

The court must find that the referees took the matter into
consideration, as a substantive ground of action, before they
set aside the report.

Evidence of good character was admissible, to rebut evi-
dence of bad character.

The referees might receive and consider evidence which
could not be received in a court of law.    6 *Pick. R.* 148,
*Jones* vs. *Boston Mill Corporation.*

*Bartlett*, in reply, cited, to the first point, 2 *N. H. Rep.*
430, *Thrasher* vs. *Haynes ;* 8 *N. H. Rep.* 82, *Adams* vs.
*Adams ;* 6 *Pick. R.* 269, *Bean* vs. *Farnam ; Dutton's
Conn. Dig.* 238 ; 1 *B. & Bing. R.* 80, *Bonner* vs. *Liddell ;*
1 *Johns. R.* 297, *Foster* vs. *Scoffield ;* 7 *Wend. R.* 193,
*Gillet* vs. *Mead*—And to the second, 2 *B. & P. Rep.* 532,

Chesley *v.* Chesley.

note, *The Attorney General* vs. *Bowman ;* 1 *Phil. Ev.* 139 ; *Peake's Ev.* 6 ; 3 *Camp. R.* 519, *Dodd* vs. *Norris ;* 1 *Camp. R.* 460, *Bamfield* vs. *Massey ;* *Roscoe's Ev.* 37, 294.

PARKER, C. J. The report of the referees is regularly returned, and the burden of proof is upon the defendant, to show cause why it should be rejected. He shows that evidence of slanderous matter was admitted by the referees, which was of a character, if true, to furnish the foundation of another action, in favor of the plaintiff against the defendant. But this of itself furnishes no cause for setting aside the award.

In actions at law, for slander, evidence of actionable words, not stated in the declaration, may be admitted, to show the malice of the defendant in uttering the words upon which the action is founded. And we are of opinion that evidence of words, actionable in themselves, might well be admitted, to show the circumstances of contumely and aggravation which attended the refusal of the defendant to perform his contract. The plaintiff had a right to prove the circumstances attending the defendant's breach of contract, and is not to be excluded from offering them in evidence, because they involved a slander, whether actionable or not. In an action for assault and battery, the declarations of the defendant, relative to the cause of the assault, whether made before, at the time, or afterwards, would be competent evidence. If those declarations contained an actionable slander, the defendant could not require that this part of his declaration should be severed from the connection in which he had placed it.

But the referees could not, under the submission, lawfully give damages for this slander, as a substantive grievance to the plaintiff. Here, again, the burden of proof is on the defendant ; and he fails to show that any damages were given for any matters, other than those submitted.

Nor can the motion be sustained upon the second point.

We have decided, that in an action of slander, evidence of general good character cannot be admitted, to rebut proof of specific facts, offered in justification, on the part of the defendant. *Matthews* vs. *Huntley*, 9 *N. H. Rep.* 146. But in this case the evidence of the plaintiff's good character was introduced partly to show the aggravated nature of the defendant's breach of contract. Even if it was not admissible at law, the report cannot be rejected for that reason. The referees, in admitting it, do not appear to have undertaken to decide according to law, and to have mistaken its principles. If they thought proper to receive evidence which might, equitably, have a bearing upon the case, but which could not have been admitted in a court of law, the report cannot be impeached for that reason.

*Judgment upon the report.*