13   357
66   189

## BAKER vs. MERRIFIELD.

In this state, the intendment of law is, that judgment is entered on the last day of the term, unless it appear by the record to have been entered on a different day.

The defendant recovered a judgment against the plaintiff before a justice of the peace, from which an appeal was taken and entered in the common pleas; but, the plaintiff omitting to enter the appeal, the defendant filed a complaint, and the judgment was affirmed. At the same term the plaintiff entered an action against the defendant, and during the term the parties agreed to refer the action

and all demands.—*Held*, that as the original judgment was vacated by the appeal, and as the judgment of affirmation was not, in law, entered until the last day of the term, the cause of action on which the judgment of the justice was rendered, was included in the submission.

If parties submit to referees all demands between them, a judgment recovered by one of them against the other, and by him laid before the referees, will not be conclusive upon them, but they may, should they see fit, reëxamine it upon its merits.

ASSUMPSIT. The action was entered at the April term, 1842, of the common pleas, and at that term the parties agreed to refer the action and all demands. Before that term the defendant had commenced an action against the plaintiff before a justice of the peace, and had obtained a judgment from which the plaintiff appealed. The plaintiff did not enter the appeal at the April term, 1842, and the defendant filed a complaint and took a judgment of affirmation with additional costs.

The parties are not agreed whether the complaint were filed before or after the agreement to refer.

At the hearing before the referees, the defendant offered and claimed the sum for which judgment was thus rendered, as a debt due from the plaintiff. The referees allowed but a part of it, and made a report in favor of the plaintiff. The defendant moved to set aside the report, because the judgment itself for the full amount should have been allowed by the referees, and the question was transferred to this court for determination.

*Chamberlain,* for the plaintiff.

*Chapman,* for the defendant.

GILCHRIST, J. At the time of the submission no judgment had been rendered on the appeal. It has been held in this state, that the intendment of law is, that judgment is entered on the last day of the term, unless it appear by the record to have been entered on a different day. · *Strafford Bank*

vs. *Cornell*, 2 *N. H. Rep.* 324. The submission having been made during the term, the cause of action for which the defendant's suit was brought against the plaintiff had not then passed into judgment, for the judgment of the justice of the peace was vacated by the appeal taken from it by the plaintiff, except for the purpose of serving as a foundation for a judgment of affirmation. It was not, then, a judgment at the time of the submission, and its merits could be inquired into, like the merits of any other demand. This matter, then, affords no reason for setting aside the report.

But even if it had been a judgment, and had possessed all the conclusiveness belonging thereto, its merits might in such a case as this have been examined by the referees. The defendant considered it as embraced in the submission, because at the hearing before the referees he presented it, and relied upon it as evidence of an indebtment from the plaintiff. When it came before the referees, they had a right to examine it. They were not bound by the legal qualities which might have belonged to it in a court of law. If they considered the judgment inequitable, they were at liberty to disregard it in whole or in part, and to decide according to what they considered the equity of the case. *Greenough* vs. *Rolfe*, 4 *N. H. Rep.* 357. They might admit evidence to show it was improperly rendered on the merits, as they might admit other evidence which would be inadmissible in a court of law. *Chesley* vs. *Chesley*, 10 *N. H. Rep.* 327. The motion to set it aside is, therefore, overruled, and there must be                           *Judgment on the report.*