## GREENLEAF vs. McCOLLEY.

Evidence of matters in aggravation of damages which occur after the suit is brought, is incompetent.

In an action to recover damages for the breach of a contract of marriage, the plaintiff, after proof of an express promise of marriage, in order to enhance the damages read in evidence a letter addressed to her by the defendant after the action was brought, containing many gross and indecent expressions, and accusing her of unchasteness, &c.—*Held*, that the evidence was inadmissible.

ASSUMPSIT, to recover damages for the breach of a contract of marriage. The action was commenced on the 22d day of May, 1840.

At the trial of the case upon the general issue, the plaintiff proved that the defendant expressly promised to marry her, and that in the month of January, 1840, he was married to another.

In order to enhance the damages, the plaintiff offered in evidence a letter written by the defendant and addressed to her, dated since the commencement of the suit, containing many gross and indecent expressions, and accusing her of want of chastity, and of having had an illicit intercourse with himself. To the admission of this evidence the defendant objected, but it was admitted by the court.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside on account of the admission of the evidence.

*Flanders*, for the plaintiff.

*Burke*, for the defendant.

GILCHRIST, J. The rule seems to have been settled and acted upon from an early period, that, in personal actions, damages are allowed only to the time of the commencement of the suit. *Com. Dig., Damages,* (*D.*) In the case of *Hambleton* vs. *Veere*, 2 *Saund.* 169, the plaintiff declared

for procuring his apprentice to depart from his service, and for the loss of his service for the whole residue of the term of his apprenticeship, and the jury assessed damages generally. The court held that he ought to have recovered damages for the loss of service until the exhibiting of the bill only, and no more, and judgment was arrested. Where an action was brought for taking away the plaintiff's wife, and keeping her from him until a certain day, which was some time after the exhibiting of the bill, after verdict for the plaintiff, judgment was arrested; because the jury must be intended to have given damages for the whole time mentioned in the declaration. 1 *Vent.* 103, *Ward* vs. *Rich.* Damages cannot be given for an injury done after the commencement of the action, and in trespass for false imprisonment, where it appeared that they were given for an imprisonment after the action was commenced, judgment was arrested. *Brasfield* vs. *Lee,* 1 *Ld. Raym.* 329. And a judgment in the common pleas was reversed in the king's bench, because the jury on a writ of inquiry had given damages for necessaries provided after the action was commenced, and to a time after the writ of inquiry was executed. *Baker* vs. *Bache,* 2 *Ld. Raym.* 1382.

The rule recognized by these decisions is founded upon an obvious principle. The plaintiff in all cases brings his suit upon a cause of action existing *at that time.* Upon the facts then existing, or which have previously happened, his right to recover must depend. If his action sound only in damages, and be brought to recover an indefinite and unliquidated sum, it is still only the damages he has then sustained, for which he can recover. To permit a recovery of other damages than those for which the suit is brought, would be to introduce a rule uncertain in its application, and of the extent of which the defendant could form no idea from the allegations in the declaration.

The same principle should regulate the admission of evidence in aggravation of the damages. Of all the causes of

Greenleaf v. McColley.

action stated in the declaration, the defendant has express notice, by the forms of pleading, and of all the matters proper to be weighed by the jury, connected with the causes of action and enhancing the damages stated therein, he is presumed to have notice from the nature of the case and the rules of evidence. It is against all these that he prepares his defence. The matters in aggravation may, and often do, form as important an element in ascertaining the amount of damages, as the substantive cause of action. To meet and answer these, he should have an opportunity of preparing himself, and this opportunity is not given him where evidence is admitted, as in the case before us, of a matter independent of and not flowing from the cause of action stated in the writ. The admission of such evidence would in many cases be as great a hardship on the defendant as the introduction of proof of a substantive cause of action not included in the declaration.

But in actions for defamation, it has been held that the spirit and intention of the party publishing a libel are fit to be considered by a jury in estimating the injury done to the plaintiff; and in the case of *Pearson* vs. *Lemaitre*, 5 *Mann. & Gr.* 700, letters written by the defendant after the action was brought, and containing a repetition of the libel which was the foundation of the suit, were admitted as evidence to prove the existence of malice. The objection was not taken that they were written since the commencement of the action. In the present case the letter was grossly insulting, and showed that at its date the defendant had the most hostile feelings towards the plaintiff. But it does not prove any "circumstances of aggravation and contumely" which attended the breach of his contract, upon which principle it would be admissible upon the authority of *Chesley* vs. *Chesley*, 10 *N. H. Rep.* 327. In that case the defendant assigned the unchasteness of the plaintiff as the reason why he discontinued his addresses to her. It does not appear whether he gave this reason after the action was brought,

and no objection was taken on that account. But in the present case, as the letter does not come within the principle of *Chesley* vs. *Chesley*, if it affected the question of damages at all, as it probably did, it must have done so as a substantive grievance in itself, for which purpose it was clearly not admissible.

There is, however, a class of cases, where proof of damages sustained after the commencement of the suit, has been admitted. In *Stiles* vs. *Telford*, 10 *Wend*. 338, the action was case, for the seduction of the plaintiff's daughter, and was brought in the month of December, 1840. The daughter was delivered of a child in the month of April following. Evidence was admitted of the loss of service, and of expenses incurred after the suit was brought. The court refused to set aside the verdict for this cause, upon the ground that the action was altogether anomalous in its character, and the ordinary rules of evidence could not, in all their strictness, be applied to it without defeating its essential object. It is said also by the court, that, according to the strict rules of evidence, perhaps the testimony was inadmissible. The case, therefore, is not an authority for the admission of evidence of matters in aggravation of damages happening after the suit is brought, unless in actions for seduction.

*Verdict set aside.*