## DINSMORE & a. v. AUBURN.

A petition for a highway which shows upon its face that the court have no jurisdiction of the application, cannot, after a reference to the road commissioners and, a report made by them, be so amended as to give the court jurisdiction.

Where a petition was presented to the common pleas for a road in the town of A., without stating the fact of a previous application to the selectmen of the town, and a neglect or refusal by them to lay the road as required by statute. *Held*—that after a report made by the commissioners in favor of the application, the petition could not be amended so as to give the court jurisdiction and make valid the report.

PETITION, for a highway in Auburn. The petition was addressed to the justices of the court of common pleas for this county, was filed with the clerk, August 17th, 1852, and an order of notice issued under the rule, and was as follows: " The undersigned would respectfully represent that for the accommodation of the public in general, there is occasion for a new highway in the town of Auburn, in said county, commencing at the westerly end of the road leading by the house of Jesse Patten, and a few rods northerly of the school house in school district number two in said Auburn; thence in a southerly direction, over the most suitable ground for a road, to the corner of the road leading to the steam mill, in said Auburn, and near the new house built by James Hoyt, deceased. They therefore respectfully request that a road, of the width of four rods, may be laid out on the route above described."

At the following September term the petition was referred to the road commissioners.

Upon notice of the time and place of hearing before the commissioners, the town appeared by counsel and objected that the petition did not allege that an application had been made to the selectmen of Auburn to lay out the road; but notwithstanding this objection, the commissioners proceeded with the matter, and both parties were heard upon the mer-

its; and at the February term, 1853, a report was made, laying out the highway.

Upon the coming in of the report the counsel for the petitioners asked leave to amend the petition so as to avoid the objection, and leave was granted. To the ruling of the court granting leave to amend, the counsel for the town excepted, on the ground that the court had no jurisdiction to allow the amendment; and the questions arising upon the exception were transferred to this court for determination.

*D. & D. J. Clarke*, for the town.

The court in this case have no jurisdiction whatever. It is a petition for a road lying wholly in one town.

The papers must show that the court have jurisdiction. It is not competent for the court to amend papers of which they have no jurisdiction, so as to give jurisdiction. The case of *Hoitt* v. *Molony*, 2 N. H. Rep. 322, is directly in point.

The provisions of statutes chap. 198 §§ 10 and 11, can only be held to apply to cases where the court have jurisdiction. Comp. Stat. 480, 481.

The objection has not been waived. The town did not appear in court, but objected before the commissioners before the hearing commenced. In *Hoitt* v. *Molony*, a verdict was taken, and yet the proceedings were quashed.

*French*, for the petitioners.

1. No statute or rule of court prescribes the form of a petition for a highway.

2. Jurisdiction depends on the fact, and not on the allegation, that the selectmen have refused to lay out. Rev. Stat. chap. 50 § 1; *Hoitt* v. *Molony*, 2 N. H. Rep. 322; *Wilson* v. *Daniel*, 3 Dallas' Rep. 401.

3. The fact being proved to the common pleas, now appears by the amendment, and the record is regular. Rev.

Stat. chap. 186 § 10; *Howe* v. *Jamaica*, 19 Vt. Rep. 607; *Marlborough* v. *County Commissioners*, 9 Met. Rep. 423.

EASTMAN, J.   Whenever the selectmen of any town shall neglect or refuse to lay out a highway within the limits of their town, upon petition presented therefor, a petition for the same may be presented to the court of common pleas, or to the clerk in vacation, and if no sufficient objection shall be made to appear, after due notice of its presentation, it will be referred to the road commissioners of the county.   Rev. Stat. chap. 50.

It is, however, essential to the jurisdiction of the common pleas, that a petition shall first be presented to the selectmen of the town.   The laying out of highways in any particular town is expressly confined by statute to the selectmen. *Sumner's Petition*, 14 N. H. Rep. 268.   And until a petition is presented to them and they refuse or neglect to lay out the road, the common pleas can have no jurisdiction of the application.   Even if the petition to the common pleas be for a highway in two or more towns, and the commissioners make a report laying out a road only in one town, the report will be rejected, on the ground that the common pleas had no jurisdiction in the case.   *Sumner's Petition*, before cited.

This petition is for a highway in one town alone.   Upon its face it shows that the common pleas had no jurisdiction of the subject matter.   It is clearly bad in form, if not in substance, in not setting forth the fact of an application to the selectmen of the town, and a neglect or refusal by them to lay out the road; and if the attention of the common pleas had been called to the subject on the presentation of the petition, they would undoubtedly have rejected it, or given leave to amend, with an order for a new notice; which would be tantamount to its rejection.

. Although the fact is not stated in the case, yet we infer that there was evidence before the common pleas, that previous application had been made to the selectmen, since,

were it otherwise, the amendment would not have been granted. But can the petition be now amended, after report made by the commissioners, so that the report may be accepted and the road established?

If we can regard the defect as one of form merely, the exception comes too late, and the amendment may be made. Objections to the form of the petition, and to the legality of notice, must be made before the order of reference to the road commissioners, or they will be considered waived. Rules of Court, 84. And after a report has been returned upon a reference of a petition, every proper presumption is to be made in favor of the regularity of the prior proceedings. *Stevens* v. *Goffstown,* 1 Foster's Rep. 454. It is true this exception was taken prior to the hearing before the road commissioners, and the town is not therefore liable to the charge of having lain by till after the expense of the hearing was incurred, and then starting the objection. But that was not in season to comply with the rule, if the defect be one of form only.

But we cannot regard this amendment as one that can be made at this time. The petition and report as they stand, both show, that the court have no jurisdiction over the subject matter. The defect is one of substance, and the amendment is vital to the existence of the proceedings. Without it the court have no jurisdiction of the case, and the action of the commissioners has been upon a petition which of itself showed that the court had no power to refer it to them, and that they had no power to act upon it. An amendment after the report, would be to give the court jurisdiction of a case of which they had no jurisdiction except by force of the amendment itself. The amendment cannot thus be made to relate back, and give the court jurisdiction. The court, in fact, have obtained no jurisdiction of anything to amend by, and, not having jurisdiction, the whole proceedings must be void. *Smith* v. *Knowlton,* 11 N. H. Rep. 191;

*Hoitt* v. *Molony*, 2 N. H. Rep. 332; *Walpole* v. *Marlow*, 2 N. H. Rep. 385. The amendment must therefore be denied and the

> *Report rejected.*