## CARLTON v. PATTERSON.

In an action against an attaching officer, upon a contract relative to keeping the property, the admissions of the creditor or his attorney, as such, are not admissible against the officer.

The admissions of the party in interest in the action are evidence, whether he has been admitted by the court to prosecute or defend or not.

The fact that a party appears in and defends an action alone, is not evidence that he is *the party* in interest.

Statements, though contemporaneous, are not admissible as part of the *res gestœ*, unless the facts they are supposed to elucidate or give character to, are material to the issue.

A deposition will be rejected where it does not distinctly appear that the party was present, either in person or by counsel, if a copy of the notice and evidence of service is not annexed to the certificate of caption.

If the magistrate merely certifies that the party was not personally present, a copy of the notice must be annexed.

An error in the record of a judgment, as to the day on which the judgment was rendered, must be corrected by an amendment.

In a collateral proceeding, no evidence can be received to prove the record erroneous.

ASSUMPSIT.  The declaration alleged that whereas on, &c., at, &c., the defendant had, by virtue of a writ in favor of E. C. Hutchins against the plaintiff, returnable, &c., attached two horses, &c., the defendant, in consideration that the plaintiff, at his special instance and request, would safely keep said property for him, and would deliver it to him, or any other proper officer, on demand, on receiving reasonable pay for said keeping, and would give a receipt for said property, with a responsible surety for the keeping and returning of said property as aforesaid, the defendant undertook and promised the plaintiff that he would pay him for keeping said property so much as he reasonably deserved to have, and the plaintiff avers that he did then procure a responsible person, to wit, E. C., to sign such receipt with him, and gave it to the defendant, who accepted the same ; and he further says that he kept all said property at great cost, &c., from, &c., until, &c., and was always ready

and willing to return the same to the defendant, or other proper officer, on receiving reasonable pay for the keeping them according to the agreement aforesaid. He further says that he reasonably deserves to have $1056 for keeping the same, of which the defendant had notice, and at, &c., on, &c., he demanded payment of the defendant for keeping said property, but the defendant then and ever since wholly refused to pay him the same.

To prove the attachment and subsequent claim to hold the property thereby by the defendant, the plaintiff offered in evidence the writ in said suit *Hutchins* v. *Carlton*, and defendants return of attachment thereon; an application, by the creditor to the defendant, for an examination and sale of the property attached, signed " E. C. Hutchins by G. & Morrison," an examination, &c. To the application was appended (but not making part of the application, which was complete in itself,) a postscript as follows: " P. S. If he will consent to take up his receipt and make no charge, as we have a bond, it may be discharged and given up to him; and if any property is considered by examiners as not proper to be sold, demand that and take it into your custody, so as to have no further trouble with him; he has had the entire use of the property all the same as if not attached, and has no reason to charge a cent, E. C. Hutchins by G. & Morrison." Said Hutchins appeared specially in defence, on the trial in this suit, to defend against the suit being sustained, on a writing between the plaintiff and defendant, produced by the plaintiff, relating to the subject-matter of the suit, on which the court instructed the jury that this suit could not be maintained. There was no other appearance in defence on the trial. To the admission of this postscript in evidence the defendant objected, and it was rejected by the court.

The plaintiff also proposed to put in evidence a mortgage from him to E. Carlton, his consigner on the receipt, to indemnify him for signing the same, but as it did not appear

that the defendant had any part in or knowledge of the same, it was rejected by the court.

The plaintiff offered the deposition of D. K. Jackman. The caption was in common form, except that it is certified that "the said Daniel Patterson, being duly notified, was not *personally* present and did not object." No copy of the notice to the defendant was annexed to the caption. In the deposition there appeared a few interrogatories in cross-examination, but it did not appear by whom actually made, or that any counsel for the defendant was present at the caption. The deposition was rejected by the court.

Judgment was rendered for the defendant in the suit *Hutchins* v. *Carlton*, agreeably to an order of the superior court, at the November term, 1849, of this court. The plaintiff proposed to show when the decision and order of the superior court was made in that court, as then terminating the attachment, and so discharging his receipt for the property attached, though before said November term of the court of common pleas, but the court rejected the evidence for that purpose.

A verdict being returned for the defendant, the plaintiff moved that the same may be set aside and a new trial ordered for error in said rulings.

*H. A. Bellows*, for the plaintiff.

The application of the creditor for the examination and sale of the property was admitted. Hutchins being, in fact, as shown by the docket, the defendant in interest, it was made by the attorneys of Hutchins, and their postscript was a part of the *res gestæ*. *Sessions* v. *Little*, 9 N. H. Rep. 271.

The act of an agent, tending to show an admission of a fact, is competent. *Hopkinton* v. *Springfield*, 12 N. H. Rep. 328.

The postscript was also admissible as the admission of the agent, while the work was still pending; 1 Greenl. Ev.

§§ 113, 114 ; was in the course of his agency. Story, Agency, § 451, and also p. 160, note 2 ; *Garth* v. *Howard*, 8 Bing. 454.

It was material to show that the order for judgment in the old suit was made in August, 1849, by reason of which it was not necessary to keep any longer the property attached.

*S. H. Goodall*, and *Burns & Fletcher*, for the defendant.

The postscript cannot be received in evidence to charge this defendant, till it is shown that Hutchins indemnifies him against this suit, or is the real plaintiff in interest. 1 Greenl. Ev. 203, 212, and note, and cases cited ; *Benjamin* v. *Smith*, 4 Wend. 432 ; *Fitch* v. *Chapman*, 10 Conn. Rep. 8 ; *Bayley* v. *Bryant*, 24 Pick. 198.

For aught that appears, Hutchins has no interest whatever in the result of this suit. He is a mere stranger, and might be called as a witness. It is well settled that the admissions of one who is a competent witness, cannot in general be received. *Ross* v. *Knight*, 4 N. H. Rep. 236 ; *Baker* v. *Briggs*, 8 Pick. 122 ; *Fitch* v. *Chapman*, 10 Conn. Rep. 8.

2. This postscript is not an admission or declaration of Hutchins, but of his attorneys, made by them as such, in the progress and for the purposes of a particular suit, and is, therefore, inadmissible evidence in another suit, even against Hutchins, and *a fortiori* against this defendant. 1 Green. Ev. 218 ; 1 Phil. Ev. 106 ; and Cow. & Hill's, note, 189 ; same, 102, and note, 182 ; *Harrison* v. *Baker*, 5 Litt. 250.

3. The postscript cannot be received to vary or contradict the written receipt ; and it has no tendency to prove the parol agreement set up in the declaration. It refers expressly to the receipt, and no expression contained in it can be so construed as to refer to any other contract; and, besides, where a contract is reduced to writing, that is presumed to contain the whole contract, and no evidence of parol limitations or modifications of that contract, made

either previously or at the time, can be received; an objection which we contend strikes to the foundation of the action, so far as the parol agreement set up in the plaintiff's declaration is concerned. *Hodgdon* v. *Waldron,* 9 N. H. Rep. 67; *Crosby* v. *Wyatt,* 10 N. H. Rep. 318; *Beach* v. *Steele,* 12 N. H. Rep. 82.

4. The postscript was a proposition that the counsel for Hutchins requested the officer to make to the plaintiff for a settlement. In no case can such an offer be evidence. This was a mere offer for the purpose of effecting a partial settlement on the receipt. *Hamblett* v. *Hamblett,* 6 N. H. Rep. 343.

II. The mortgage was, as to these parties, *res inter alios acta,* and had no tendency to prove the issue. It was quite too remote, attempting to show how the plaintiff was inconvenienced in receipting for his property. It is the same kind of evidence as the declarations of the party would be.

III. The deposition of Jackman was properly rejected, because it was not taken and captioned according to the statute. The statute under which depositions are taken must be strictly complied with. *Sanders* v. *Howe,* 8 Vt. Rep. 404; 1 Chip. 363. The statute makes it imperative on the magistrate to certify whether the adverse party was or was not present. The magistrate has done neither. He only certifies that the said Daniel Patterson being duly notified was not personally present. This cannot be considered even a substantial compliance with the requirements of the statute. The caption might be true, and no one present on the part of Patterson. It leaves it altogether uncertain whether Patterson was present by an agent or attorney or not.

IV. The suit, *Hutchins* v. *Carlton,* was pending in the common pleas until judgment was rendered by order of the superior court, at the November term of the former court, 1849. It made no difference when the order was made in the superior court; the suit was pending in the common

pleas till the order was entered of record in that court. Parol testimony was not the best the nature of the case afforded. The record being the best, would be the only admissible evidence to prove the termination of the suit and consequent dissolution of the attachment.

As the evidence was also entirely immaterial, it might have been, on that account, properly rejected.

BELL, J. The principal question presented by this case, relates to the admissibility of the postscript attached to the application for an examination and sale of the property attached by the defendant. To the admission of this postscript the defendant objected, and it was rejected. If we regard this action as pending between Carlton and Patterson alone, this evidence was clearly inadmissible. It was, at most, the declaration of a stranger, by which the defendant could not be bound. It was not a paper requiring any answer on the part of the defendant, so that any inference could be drawn from his silence. It was merely some instructions from an attaching creditor to an officer, as to what he desired should be done in regard to the property attached.

The only ground on which it can be supposed to be admissible is, that Hutchins is the party in interest in the present suit, who is in truth defending his own case. The facts presented to us show nothing like this. Though a sheriff may, in some cases and for some purposes, be regarded as the servant of the plaintiff in a suit, yet it is very clear he is no agent to contract for or to bind the plaintiff by any agreement relative to the keeping of the property attached. As to that matter he is in no sense agent of the plaintiff. He owes to the plaintiff certain duties, and is charged with certain liabilities, which he is at his peril to discharge ; but the attaching creditor cannot directly interfere to discharge the contracts made by others to keep property for the sheriff, neither has he any power to make such contracts for the sheriff, nor to create evidence by which he

may be bound. The sheriff has duties to perform towards others besides the attaching creditor; he is holden to the debtor, if the action fails, and may be liable to pledgees or mortgagees, or to other third persons having valid claims upon the property. And it might be attended with most ruinous consequences to the officer, if his claim upon his bailee could be discharged by the creditor, without providing against the claims of others upon him.

There is in the present case no evidence that Hutchins is the party in interest in this case; no proof that he is bound in any way to indemnify the defendant in case he should be charged, or that he was in any way responsible to the defendant for the result of the suit. It does not appear that he appears to defend the action by the consent of the defendant, or that he has any agency by which he has a right to bind the defendant, by any admission he may now make, or by rendering admissible any statement he has heretofore made.

Under our practice any party who can satisfy the court that he has any right involved in the trial of a case may be admitted to prosecute or defend the action, but such admission has no effect upon the rules or principles which govern the case. It still remains the action of the original plaintiff against the original defendant, and the case still proceeds and is to be tried upon the same rules and principles as it would do if no third person had interfered.

It could hardly be permitted to allow a third person to defend a suit, if the whole ground of the action would be changed, and the trial would proceed upon evidence which would be incompetent between the original parties. The judgment when rendered, in such a case, is rendered between those original parties, and they and their interests are conclusively bound, however it may be as to others.

It is not enough, then, to show that a party supposed to have an interest, has been admitted to defend, either generally or specially, in order to make his statements or admis-

sions evidence. It is necessary to show that he is the party in interest, the party who really carries on the controversy under a party who has no concern in it, and is merely a nominal party, or under one who is fully indemnified. When that fact is shown, the declarations and admissions of such real party become evidence. And this is equally so, whether he is or is not admitted to prosecute or defend as a party. An order of the court admitting a party to defend is not even evidence of any interest in the suit whatever. The facts laid before the court to obtain such order, and the security required by the court to be given to the original parties for the protection of their rights, may furnish very conclusive evidence of such interest.

In the present case there is no fact on which the admissibility of this evidence is urged but the fact that the plaintiff in the original attachment had appeared here specially for the protection of some supposed interest. This is a very different matter from being the real party.

It is urged by the plaintiff that this postscript was admissible as part of the *res gestæ*. But it has no claims to be received in that character. The doctrine, as stated by the court with great accuracy, in *Sessions* v. *Little*, 9 N. H. Rep. 271, is this: If evidence of an act done by a party be admissible, his declarations made at the time and tending to elucidate or give a character to the act, and which derive credit from the act itself, will be also admissible as part of the *res gestæ*. In the present case the act done is an immaterial one. It has no conceivable bearing upon the merits of the case, and does not, therefore, come within the first clause of the rule. It has no tendency to elucidate or give a character to that act, but is entirely a separate and distinct subject.

It is said it is admissible as the admission of an agent, while the agency continues. But we discover no agency for the defendant. If the allusion is to the agency of G. & Morrison for Hutchins, the difficulty is that supposing

the attorneys were fully empowered to speak for Hutchins, Hutchins had no authority to speak for the defendant. It is not a matter of course that an attorney for the plaintiff in a suit is thereby constituted an attorney for the sheriff or his deputy, nor that the plaintiff himself is either principal or agent, as to the officer who serves the process. Where the creditor is made by law responsible for the acts of the officer, there the creditor may direct, and the officer is regarded as, to that extent, the agent of the creditor. The creditor may direct the surrender of property attached, and as to him the officer will be justified in pursuing his directions. But there are many things in the conduct of an officer, as to which he is in no way the agent of the creditor. And we suppose there can be no point clearer than that an officer, unless he has an express authority by an indemnity, or otherwise, cannot bind the creditor by any special agreement as to the property attached.

By the defendant it is suggested that it does not appear that Hutchins has any interest in the suit, and that he might himself be a witness. And we do not find in the case any facts which definitely disprove this position. We may conjecture, indeed there is a strong presumption, that such might probably be shown, but they do not appear.

The postscript seems, too, as is suggested, to refer to the receipt, and it may well be doubted, if the effect of the fair construction of the receipt can be varied by inference from a loose note like this.

The mortgage was clearly incompetent. It is not evidence of any fact alleged in the declaration, neither of the agreement alleged, nor of the performance by the plaintiff of his part of it. Indeed, its competency is here hardly insisted upon.

The deposition of Jackman was properly rejected. The justice certifies that he was not personally present, and he does not annex a copy of the notice. Neither does it appear by whom or by whose authority the cross examination

Carlton *v.* Patterson.

was made. The caption is defective because it does not state that the defendant was not present, unqualifiedly, if that was the fact, or if he was present by counsel, that fact should have been stated. If it would be a fair construction of the justice's certificate, nothing appearing to the contrary but the fact that questions were put to the witness by way of cross examination, that there was no appearance, personal, or otherwise, then the absence of the copy of the notice is fatal. Rev. Stat. ch. 188, §§ 20, 21.

It was not competent to introduce any other evidence in relation to the time of the rendition of the judgment than the judgment itself. This is a matter of record, and to be proved by the record. The record cannot be disproved by other evidence, when it is brought, as in this case, collaterally and incidentally, in question, and the legal effect of the record cannot be changed by other evidence any more than the express allegations. *Willard* v. *Harvey*, 4 Foster's Rep. 344.

It may happen that from inadvertence the day on which a judgment was in fact rendered may not be stated, so that according to the well known ordinary presumption it must be understood to have been rendered on the last day of the term, but this cannot be shown in a collateral proceeding to be an error. *Baker* v. *Merrifield*, 13 N. H. Rep. 357.

Application must be made to the court, in the original action, for an amendment of the record, which is a matter of course upon proper evidence. And the error can be obviated in no other way.

*Judgment on the verdict.*