## RABORG *et al.* v. PEYTON.

An action of *debt* will lie by the payee or endorsee of a bill of exchange, against the acceptor, where it is expressed to be for value received.

Debt will lie by the payee of a note against a maker, where the note is expressed to be for value received.

ERROR to the circuit court for the district of Columbia.

This cause was argued by Mr. *Jones*, for the plaintiffs in error, and by Mr. *Taylor*, for the defendant in error.

March 14th.

Mr. Justice STORY delivered the opinion of the court.

March 15th.

This is an action of debt brought against the defendant in error, as acceptor of a bill of exchange by the plaintiffs in error as endorsees. The declaration alleges that the bill was drawn, accepted, and endorsed, for value received. The only question is, whether debt lies in such a case.

The general principle has been very correctly stated by Lord Chief Baron Comyn, that debt lies upon every express contract to pay a sum certain; and he adds, also, that it lies though there be only an implied contract. (*Com. Dig. Debt,* a. 8. a. 9.) But it has been supposed that this principle does not apply to an action on a bill of exchange, even where the suit is brought by the payee against the acceptor.

and *a fortiori* not, where it is brought by the endorsee. It is admitted that in *Hardres*, 485., the court held that debt does not lie by the payee of a bill of exchange against the acceptor. The reasons given for this opinion were, first, that there is no privity of contract between the parties; and, secondly, that an acceptance is only in the nature of a collateral promise or engagement to pay the debt of another, which does not create a duty. It is very difficult to perceive how it can be correctly affirmed that there is no privity of contract between the payee and acceptor. There is, in the very nature of the engagement, a direct and immediate contract between them. The consideration may not always, although it frequently does, arise between them; but privity of contract may exist if there be an express contract, although the consideration of the contract originated *aliunde*. Besides, if one person deliver money to another for the use of a third person, it has been settled that such a privity exists that the latter may maintain an action of debt against the bailee. (Harris v. De Bervoir, *Cro. Jac.* 687.) And it is clear that an acceptance is evidence of money had and received by the acceptor for the use of the holder. (Tatlock v. Harris, 3 *T. R.* 174. Vere v. Lewis, 3 *T. R.* 182.) It is also evidence of money paid by the holder to the use of the acceptor. (Ibid, and *Bailey on Bills*, 164., 3d edition.) A privity of contract, and a duty to pay, would seem, in such case, to be completely established; and wherever the common law raises a duty, debt lies. The other reason would seem not better founded. An accept-

1817.

Raborg
v.
Peyton.

ance is not a collateral engagement to pay the debt of another : it is an absolute engagement to pay the money to the holder of the bill; and the engagements of all the other parties are merely collateral. *Prima facie*, every acceptance affords a presumption of funds of the drawer in the hands of the acceptor; and is, of itself, an express appropriation of those funds for the use of the holder. The case may, indeed, be otherwise; and then the acceptor, in fact, pays the debt of the drawer; but as between himself and the payee it is not a collateral, but an original and direct undertaking. The payee accepts the acceptor as his debtor, and he cannot resort to the drawer but upon a failure of due payment of the bill. The engagement of the drawer, therefore, may more properly be termed collateral. Yet it has been held, that debt will lie in favour of a payee against the drawer in case of non-payment by the acceptor. (Hard's case, *Salk.* 23. Hodges v. Steward, *Skinn.* 316.; and see Bishop v. Young, 2 *Bos. & Pull.* 78.)

The reasons, then, assigned for the decision in *Hardres* are not satisfactory; and it deserves consideration that it was made at a time when the principles respecting mercantile contracts were not generally understood.

The old doctrine upon this subject has been very considerably shaken in modern times. An *indebitatus assumpsit* will now lie in favour of the payee against the acceptor; and it is generally true that where such an action lies, debt will lie. And a still stronger case is, that an acceptance is good evidence on a count upon an *insimul computassent*

(Israel v. Douglas, 1 *H. Bl.* 239.,) which can only be upon the footing of a privity of contract.

But the most important case is that of Bishop v. Young, 2 *Bos. & Pull.* 78. It was there held, in opposition to what was supposed to have been the doctrine of former cases, that debt would lie by the payee of a note against the maker, where the note wa. expressed to be for value received. That decision was given with measured caution, and the court expressly declined to give any opinion upon any but the case in judgment. The case in *Hardres* was there discussed, and although its reasoning was not impugned, an authoritative weight was not attempted to be given to it. In general, the legal predicament of the maker of a note is like that of the acceptor of a bill. Each is liable to the payee for the payment of the note or bill in the first instance; and after endorsement, each incurs the same liabilities. And if an action of debt will lie in favour of the payee of a note against the maker, it is not easy to perceive any sound principle upon which it ought to be denied against an acceptor of a bill. The acceptance of a bill is just as much an admission of a debt between the immediate parties as the drawing of a note.

The case has been thus far considered as if the action were brought by the payee against the acceptor. And this certainly presents the strongest view in favour of the argument. But in point of law every subsequent holder, in respect to the acceptor of a bill, and the maker of a note, stands in the same predicament as the payee. An acceptance is as

much evidence of money had and received by the acceptor to the use of such holder, and of money paid by such holder for the use of the acceptor, as if he were the payee. (3 *T. R.* 172. *Id.* 184. Grant v. Vaughan, 3 *Burr.* 1515.)

Upon the whole, we do not think that the authority in *Hardres* can be sustained upon principle; and we see no inconvenience in adopting a rule more consonant to the just rights of the parties as recognised in modern times. In so doing, we apply the well-settled doctrine that debt lies in every case where the common law creates a duty for the payment of money, and in every case where there is an express contract for the payment of money. We are, therefore, of opinion, that debt lies upon a bill of exchange by an endorsee of the bill against the acceptor, when it is expressed to be for value received. The case at bar is somewhat stronger; for the declaration expressly avers that the bill was drawn, endorsed, and accepted for value received, and the demurrer admits the truth of the averment.

This opinion must be certified to the circuit court of the district of Columbia.

From the view which has been taken of the case it is unnecessary to consider whether the statute of Virginia applies to it or not.

Certificate accordingly.