ALBANY,
Oct. 1828.

Millar
*ads.*
Thompson.

MILLAR *ads.* THOMPSON.

THIS was an action on the *case* for debauching the *sister* of the plaintiff, *per quod servitium amisit*, tried at the Washington circuit, in June, 1827, before the Hon. REUBEN H. WALWORTH, then one of the circuit judges.

The defendant was a clergyman, a widower, resident in the county of Washington. The seduced and her brother, the plaintiff, were members of the church of which the defendant was minister. The seduced went to reside with the defendant, in the capacity of housekeeper, when she was between 22 and 23 years of age, and remained with him about three years and a half, when she left him, in a state of pregnancy, and went to the house of her brother, the plaintiff in this cause, where, shortly after, she was delivered of a child, of which the defendant was the father. An illicit intercourse commenced between the defendant and her about a year before the child was begotten. She was an orphan, her parents having died when she was quite young. She was reared and protected by her brother, with whom she resided until she went to live with the defendant. After she left the defendant's house, her brother provided for her in her sickness, and defrayed the expenses of her lying-in. Whilst she lived with the defendant, she was in the habit of taking care of her brother's family in cases of sickness, and assisted in ordinary household affairs, which she also did after she left the defendant's house; but her health was then such she could not do much. She testified, that she always considered her brother's house her home.

The defendant's counsel moved that the plaintiff be nonsuited; because, 1. The seduction took place at the house of the defendant, and whilst the seduced was the servant of the defendant; 2. That the plaintiff was not entitled to the services of his sister, and therefore could not sustain an action for her seduction; 3. That her return to his house, and the subsequent services rendered by her, did not entitle him

*Case* for seduction will not lie, where the female is over the age of 21, unless she be in the actual service of her father, or of him who stands in *loco parentis*, so as to constitute, in law *and in fact*, the relation of master and servant. If the female be under age, she is presumed to be under the control and protection of her parent, so as to entitle him to the action, whether she actually resides with him or not; but if she be above the age of 21, and resides with her seducer at the time of the seduction, no action lies.

to maintain the action ; which motion was denied by the presiding judge, who decided, that to maintain the action, it was not necessary to show that the plaintiff was legally entitled to the services of his sister : it was sufficient if she was actually his servant, although such services were voluntary, and of the slightest character ; that the plaintiff in this case stood in *loco parentis*, and could maintain the action, if the father of the female, had he been living, could have maintained it ; that by the modern decisions of the *English* courts, neither the father nor any other person could maintain an action for the most aggravated case of seduction, if the female was in the actual service of the seducer, or of a third person, at the time of the seduction ; but the supreme court, in the case of *Sargent* v. *Denniston*, had adopted a more reasonable rule, viz. that if the seduced, during pregnancy, returned to the service of the parent, although the parent was not legally entitled to her services, he might maintain an action ; that, according to the principles adopted in that case, the plaintiff here, standing in the place of a parent to his sister, whom he had fostered and protected in her orphanage, was entitled to maintain this action ; and he accordingly charged the jury, that if they believed the testimony of the principal witness, they were authorized to find a verdict for the plaintiff, and for such damages as, under the circumstances, they should consider proper ; that they were not confined to the actual damage sustained by the loss of service and the expenses of lying-in, but they might take into consideration the outraged feelings of the plaintiff, who had been a brother indeed to the unfortunate girl.  The defendant excepted to the decision and charge, and the jury found a verdict for the plaintiff, with $1000 damages.

*R. Weston*, for defendant, moved to set aside the verdict, and for a new trial.  The loss of service is the foundation of this action, and the relation of master and servant must exist, to entitle the plaintiff to sustain it.  (3 *Burr.* 1878. 9 *Johns. R.* 387.  10 *Johns. R.* 117.  5 *Cowen*, 116.)  A parent cannot sustain the action where the seduced is over the age of twenty-one.  Allowing the plaintiff, therefore, to

ALBANY,
Oct. 1828.

Miller
*ads.*
Thompson.

stand in the *loco parentis*, he was not entitled to recover in this case, as, at the time of the seduction, the seduced was about 26 years of age. The services rendered by her for her brother, were mere acts of benevolence, not of service due to him, which he had a right to exact. She was neither in law or in fact his servant, but the servant of the defendant at the time of the seduction. The home of the female was at the house of the defendant. The expenses incurred by the plaintiff were voluntary. He was under no legal obligation to incur them.

*C. L. Allen & S. Stevens*, for plaintiff. In actions of this kind, the slightest evidence is sufficient to support the averment of loss of service. (2 *Phil. Ev.* 151. 2 *T. R.* 166.) In 2 *T. R.* the plaintiff recovered, though the daughter was 30 years of age. That, it is admitted, was an action of *trespass,* and the loss of service there was merely consequential : here it is *case;* and the only inquiry is, upon whom has the consequential injury fallen, the expense attending confinement, and the loss of service. It is not material who was entitled to the services of the female at the time of the seduction, which subsequently results in the loss of service or necessary pecuniary disbursements, which constitute the real gravamen in actions of this kind ; and if that fall upon the parent, it entitles him to the legal redress. (5 *Cowen,* 117, 18.) The plaintiff here stood in *loco parentis ;* and that relation was not destroyed by the residence of the seduced with the defendant. A parent is not entitled to the service of his child after she has attained the age of 21, and yet an action on the case has been sustained by a mother, for the seduction of her daughter after that age. (4 *Cowen,* 412.)

*By the Court,* SUTHERLAND, J. This action cannot be maintained. It may be conceded that the plaintiff stands in *loco parentis ;* but a parent, under the circumstances of this case, could not sustain an action for the seduction of his daughter. The female, for whose seduction this action was brought, is the sister of the plaintiff. She was, at the time of

the seduction, about 26 years of age, and had lived with the defendant at that time, about three years, in the capacity of house keeper. In *Nickleson* v. *Stryker*, (10 *Johns. R.* 117,) the court say, "As the daughter, in this case, was 29 years of age, and not in the actual service of her father, when she had the connexion with the defendant, the plaintiff cannot sustain the action." The rule is settled, that if the daughter be of age, she must be in her father's service, so as to constitute, in law *and in fact*, the relation of master and servant, in order to entitle her father to an action for seducing her. If she be under age, she is presumed to be under his control and protection, so as to entitle him to the action, whether she actually resides with him or not. The same distinction was taken in *Payne* v. *Martin*, (9 *Johns. R.* 387.) It has not been shaken or questioned in any subsequent case. (*Moran* v. *Dawes*, 4 *Cowen*, 412. *Sargent* v. ——, 5 *Cowen*, 106.) It is matter of deep regret to the court, that the law affords no remedy for the injury which has been inflicted in this case. When the character of the defendant is considered, it is one of great aggravation. He was minister of the gospel. The female whom he seduced was an orphan. She was a communicant of his church, and for aught that appears, of unblemished character. She entered into his service, beyond all doubt, in the confident belief, not only that she had found a home which would be to her as the home of her father, but that her religious feelings and character would be cherished and strengthened and confirmed, by the daily example and instructions of her pastor. How have these confiding expectations been met? It is greatly to be feared that the defendant has not only triumphed over the chastity of this unfortunate girl, but that he has made a wreck of her whole moral character; for the illicit connexion between them continued for more than a year, before she became pregnant. The defendant cannot plead, in extenuation of his crime, the temporary dominion of passion. Yet, even to such a case, the law cannot bend.

*New trial granted.*