NEW-YORK,
May, 1833.

Stiles
v.
Tilford.

---

## STILES vs. TILFORD.

Where, in an action on the *case* for the *seduction* of a daughter, brought after pregnancy of the daughter but before the birth of the child, evidence was received of loss of service and expenses incurred *after the commencement of the suit,* the court refused to set aside the verdict, where the cause of action was clearly established independently of such evidence.

THIS was an action on the *case* for the *seduction* of the plaintiff's daughter, tried at the Warren circuit in June, 1831, before the Hon. ESEK COWEN, one of the circuit judges.

The daughter of the plaintiff lived with the defendant as his house-keeper for one year from October, 1829. In July, 1830, the defendant had sexual intercourse with her and she became pregnant. In October she returned to her father's house, and soon after became unable to work as she had been accustomed; she assisted her mother in sewing, but could not earn her subsistence. In *December* this action was commenced; in January, 1831, the daughter came of age, and in *April* following was delivered of a child. The plaintiff provided for his daughter during her pregnancy, at the time of her lying-in, and during her subsequent sickness. The evidence of expenses incurred subsequent to the commencement of the suit was received by the judge, though objected to by the defendant, who afterwards requested the judge to charge the jury that the plaintiff was not entitled to recover for loss of service, or for expenses incurred after the commencement of the suit, nor for the expenses of the lying-

in, as the actual payment of such expenses had not been prov- NEW-YORK,
ed. The judge refused so to charge. The jury found a ver- May, 1833.
dict for the plaintiff for $800 damages. The defendant made
a case and also tendered a bill of exceptions, and now moved Stiles
for a new trial.

v.
Tilford.

*O. Clark & S. Stevens,* for the defendant. The judge should
have instructed the jury that the plaintiff was not entitled to
damages for loss of service, and for damages incurred after
the commencement of the suit. *Cro. Jac.* 618. 1 *Vent.* 103.
2 *Saund on Pl. & Ev.* 785. 5 *T. R.* 361. *Starkie's Ev. part*
4, 1309. 3 *Camp.* 519. 1 *Ld. Raym.* 329. 5 *Cowen,* 116.
11 *East,* 24. 2 *Wendell,* 461. 1 *Chitty's Pl.* 390. 2 *Saund.*
171. Where a cause of action is properly laid, and other
matter is stated under a *scilicet,* the court will disregard such
matter, on the presumption that erroneous evidence was not
received ; but such presumption cannot be indulged against
the fact affirmatively appearing on the bill of exceptions.

*W. Hay, jun.* for the plaintiff, insisted that the judge was
right in refusing to charge the jury as requested by the de-
fendant. A right of action existed previous to the commence-
ment of the suit, and the plaintiff was entitled to recover
for the loss of service subsequently accruing, and for sub-
sequent expenses, upon the same principle that, in an ac-
tion upon a contract for the payment of a sum of money
*with interest,* a plaintiff is permitted to recover interest accu-
mulating after the commencement of the suit. The plaintiff
could not have brought a new action for such subsequent loss
of service and expenses, and therefore should be permitted to
recover them in the suit already brought. 2 *Saund.* 171, c.

*By the Court,* SUTHERLAND, J. The cause of action was
abundantly made out, independently of the testimony object-
ed to. The daughter says expressly that she returned to her
father's house because she was incapable of working as usual,
and that after her return, she was unable to earn her subsis-
tence as formerly. Here is express loss of service, and all this

was before she arrived at the age of 21. The testimony objected to was merely in aggravation of damages, and we all know that although loss of service must be shown, yet that when any considerable damages are given, they are given not to cover the actual loss sustained, but for the injury to the parental feelings. 4 *Cowen,* 412. 5 *id.* 106. 1 *Wendell,* 447. 3 *Campb.* 519. 4 *Cowen,* 355. 2 *Phil. Ev.* 157, *and cases there cited.* The action is altogether anomalous in its character, and the ordinary rules of evidence cannot in all their strictness be applied to it, without defeating its essential object. No separate action could ever be maintained for the expenses and loss of service incurred after the commencement of this suit ; the objection therefore does not lie, that the defendant may be made to pay twice for the same damages. According to the strict rules of evidence, perhaps the testimony objected to was inadmissible ; but, I am inclined to think, we should be justified in saying that, from the nature of the action, it is to be intended that the evidence had little or no influence on the verdict of the jury, and that a new trial ought not therefore to be granted. This principle is applied in motions in arrest of judgment, where damages are laid subsequent to the commencement of the action, or previous to the plaintiff having any right of action. In such case, if the matter is laid under a *scilicet,* the court avail themselves of that circumstance to say, that it is not to be intended that the jury took it under their consideration. 2 *Saund.* 171, *a. note* 1, *and particularly* 171, *c. of same note.* 1 *Chitty's Pl.* 384 *to* 390. 7 *Wendell,* 193.

Upon the *case,* the charge of the judge is said to be erroneous. It is in some part of it expressed in strong terms, but I perceive no error in it which calls for, or would justify the granting of a new trial.

Motion for new trial denied.