JEPTHA DUNLAP, Plaintiff in Error, *v.* JAMES BUCKINGHAM, Defendant in Error.

ERROR TO MORGAN.

The fifth section of the limitation act of the fifth November, 1849, does not embrace bills of exchange, but relates exclusively to unwritten contracts; and that clause of the section which requires suits to be commenced within two years, is repealed.

An action of debt may be maintained upon a bill of exchange, by the payee against the drawer or maker, although no consideration be expressed upon its face.

THIS cause was decided by WOODSON, Judge, at the October term, 1853, of the Morgan Circuit Court.

M. McCONNEL, for Plaintiff in Error.

W. BROWN, for Defendant in Error.

TREAT, C. J. This was an action of debt, brought by Dunlap against Buckingham, in March, 1853. The declaration was upon a bill of exchange, dated the 18th of June, 1842, drawn by the defendant in favor of the plaintiff, and protested for non-payment. The bill was not, in terms, expressed to be for value received. The defendant pleaded, that the cause of action did not accrue within five years before the passage of the "act to amend the several laws concerning limitations of actions," approved the 5th of November, 1849; and that the plaintiff did not commence the suit within two years after the passage of that act. The court overruled a demurrer to the plea, and rendered judgment for the defendant in bar of the action.

The plea presented no defense to the action. The act of the 10th of February, 1849, which went into operation on the 13th of April following, required actions founded upon bills of exchange, to be commenced within five years after the accruing of the cause of action. This court, however, decided that the act was intended·to have a prospective operation only. *Thompson v. Alexander*, 11 Illinois, 54. The act of the 5th of November, 1849, prescribes the same limitation for actions upon bills of exchange, and provides that no action shall ·be maintained on any open account or any promise, not in writing, unless the same be brought within five years next after the cause of action accrued; but if said cause of action has accrued five years before the passage of this act, then such action shall not be maintained, unless the suit is brought within two years next after the passage of this act. This provision does not embrace bills of exchange. It relates exclusively to unwritten contracts. But if it in terms included bills of exchange, this action would not be barred. The clause requiring suits to be commenced within two years after the passage of the act, was repealed by the act of the 17th of February, 1851. See *Trustees of Schools* v. *Chamberlain*, 14 Illinois, 495; *Watt* v. *Kirby*, 15 Illinois, 200. The plaintiff, therefore, had five years from the 13th of April, 1849, within which to sue upon the bill of exchange. As that term had not elapsed when this suit was brought, the statutory bar was not complete, and the court erred in sustaining the plea.

But it is contended that the plaintiff cannot maintain an action of debt upon the bill of exchange, and that the demurrer would therefore have been carried back and sustained to the declaration. The law is well settled, that an action of debt may be maintained by the payee of a bill of exchange or promissory note against the drawer or maker, when the instrument is expressed to be for value received, or purports to be founded on some consideration. Chitty on Bills, 689; Byles on Bills, 333; *Bishop* v. *Young*, 2 Bosanquet & Puller, 78; *Raber* v. *Peyton*, 2 Wheat. 385. And the action of debt may also be supported by the payee against the drawer or maker, although no consideration be expressed on the face of the bill or note. The law implies that the instrument is based upon a good consideration. The cases of *Hatch* v. *Trayes*, and *Watson* v. *Kightley*, 11 Adolphus and Ellis, 702, are clearly in point. The former case was an action of debt brought by the payee of a promissory note against the maker; and it was objected that the action would not lie, because the note was not expressed to be for value received. The latter case was debt by the payee of a bill of exchange against the acceptor; and it was insisted that the action could not be supported, because it did not appear from the instrument, that there was any consideration for the acceptance. Lord Denman remarked, in delivering the judgment of the court: " The counsel, who contended that the actions were not maintainable for want of the words ' value received,' admitted, that, if those words had been inserted, the plaintiff in each case must have succeeded. But we are of the opinion those words express only what the law must imply in each case, from the nature of the instrument and the relation of the parties apparent upon it; and that it therefore makes no difference, as to this question, whether the words be or be not inserted. We hold, therefore, that the action of debt is maintainable in each case. " The objection, that the debt will not lie on a collateral understanding, is not applicable to this case. . It is true, that the engagement of the drawer was conditional only in the first instance, but his liability became fixed and absolute on the default of the drawee, and on his receiving due notice of that default. The declaration shows a good cause of action.

The judgment is reversed and the cause remanded.

*Judgment reversed.*