JOHN A. LIPE *v.* PETER O. EISENLERD. (See *ante,* p. 229.)

CAMPBELL, J., dissenting. The plaintiff's daughter was twenty-nine years of age; had always made her father's house her home, though she had occasionally worked out for short periods, and when at home had performed the ordinary work of a farmer's daughter. At the time of the alleged seduction she was at the defendant's house, where she had been at work for him for about two weeks; but it does not appear whether or not she was to receive any compensation for her labor. Under such a state of facts, could her father, the plaintiff, maintain this action? As far back as Lord Holt's time, in *Russell* v. *Corne* (2 Ld. Raym., 1031), he said in that case: "A man cannot maintain an action against another for assaulting his daughter and getting her with child; but he may maintain an action against another for entering his house and assaulting and getting his daughter with child, *per quod servitum amisit,* and this is a great aggravation. It may be conceded that this would not be a good law now, either in England or in this State, where the daughter was at the time of the seduction under age. But a leading case, that of *Bennett* v. *Allcott* (2 Term Reports, 166), was an action of trespass. There, as in this case, the daughter was thirty years of age, and her father a farmer. To the action of trespass the defendant plead "not guilty." He endeavored to show a license. The court held that he could not show a license under his plea of the general issue "not guilty," and, therefore, the trespass being proved, the plaintiff was entitled to a verdict, and then the only question was the amount of damages. Then the assaulting and getting the daughter with child would be allowed to be proved, in the language of Lord Holt, as a "great aggravation." It was in that connection, and with reference to that action of trespass, that Mr. Justice Buller, in giving judgment of the court, said that it was not necessary to show that there was a contract for service; but it must be proved that in some way the daughter was the servant, though the service may be slight. In the case of

Opinion, per CAMPBELL, J., dissenting.

*Postlethewaite* v. *Parkes* (3 Burrow, 1878), there was no decision of the case. It was settled on the suggestion of the court. The girl was twenty-three years of age, and was working out at the time of the seduction. The reporter says: "No doubt the court were all of opinion that the action could not be maintained." In the case of *Saterthwate* v. *Duest* (in note to *Dean* v. *Peel*, 5 East, 45) Lord MANSFIELD said, that "it appears very extraordinary that any action should lie to a person on account of incontinence between two others, both of whom may be of full age." In *Nickleson* v. *Stryker* (10 Johns., 115), the court say : "The rule is settled that if the daughter be of age she must be in her father's service, so as to constitute *in law* and *in fact* the relation of master and servant, in order to entitle her father to a suit for seducing her. This was reaffirmed in *Miller* v. *Thompson* (1 Wend., 447). There certainly was not the slightest pretense in this case that the relation of master and servant existed in *law*. No contract of hiring proved or claimed to have been made. The evidence that the relation existed in fact is very slight. The daughter made her father's house her home, as is the common practice in this country, both with sons and daughters, and especially with the latter, until they are married or permanently settled in business. Doubtless when she left home either for business or pleasure, as an act of courtesy, she may have asked permission of her parents. But having arrived at the age of twenty-nine years, and under no legal obligation to serve her father, it can hardly be said, I think, that she was not both in *law* and in *fact* her own mistress. At the time of the seduction she was not her father's servant, *de jure*, for he had no right to recall her. Nor *de facto*, for she was working for the defendant, and if not for wages to be paid to her, certainly not for wages to be paid to her father. This judgment, if sustained and recovered, goes to the father and not to the daughter. We might apply in this case some of the remarks of Ch. J. BRONSON in *Bartley* v. *Richtmeyer* (4 Comst., 38).

It seems to me that there is no principle upon which this action can be maintained.

There should be a new trial. (See *ante*, p. 229.)