NATIONAL EXCHANGE BANK *vs.* WILLIAM H. ABELL.

*Pleading.   General demurrer overruled if any count is good.*

To the plaintiff's declaration, containing four counts, to wit, two in debt on a judgment, one upon a promissory note, (averring a promise to pay its amount) and the fourth an omnibus count, (also averring a promise), the defendant filed a general demurrer: *held*, that it was properly overruled.

ON EXCEPTIONS.

The defendant was summoned to answer to the plaintiff "in a plea of debt," stated in four counts, the first of which was upon

a judgment recovered in Rhode Island; the second upon the same judgment together with the costs of levying the execution which issued thereon; the third on the note upon which the judgment was founded, alleging its transfer to the plaintiff, as indorsee, and the fourth, the ordinary form of the general omnibus count. The third and fourth counts were not stated to be "in a plea of the case"—nor was there any plea stated to any count after the first—but otherwise these last two were in the usual form of declaring (in such counts) in assumpsit. A general demurrer to the declaration was filed, joined and overruled; and the defendant excepted.

*Goodwin & Lunt*, for the defendant.

There is a misjoinder of debt and assumpsit in the counts of this declaration, which renders it bad on general demurrer. Bacon's Ab. Tit., Actions in General, C.; 1 Chitty's Pl., 199–201 and 205; Gould's Pl., c. 4, § 90.

The third count is evidently in assumpsit; if in debt, the plaintiff has misconceived his remedy, since assumpsit is the only remedy of an indorsee against the maker of a note. 1 Chitty on Pl., *103, 109 and 114; Chitty on Bills, (7th ed.), 428; 2 B. & P., 78; 1 Taunton, 540; Oliver's Prec., 502, *et seq*; 1 Tidd's Prac., 10, *et seq*.

The rule laid down in *Blanchard* v. *Hoxie*, 34 Maine, 376, and *Swett* v. *Patrick*, 11 Maine, 181, do not apply, because there the causes of action were similar, and the counts of the same nature.

Misjoinder of counts can be taken advantage of by general demurrer. 1 Chitty on Pl., 663, 665; *Fairfield* v. *Burt*, 11 Pick., 244. And thus only. *Fernald* v. *Garvin*, 55 Maine, 414.

*Wm. Hobson* and *Edwin B. Smith* for the plaintiff.

Debt lies in favor of an indorsee. *Raborg* v. *Peyton*, 2 Wheat., 385; *Wilmarth* v. *Crawford*, 10 Wend., 340; *Carroll* v. *Weeks*, 3 Porter, 226. And upon a *quantum meruit* or *valebant*. *Smith* v. *First Cong., &c.*, 8 Pick., 178, and cases cited. An allegation of a promise does not change the nature of the plea. *Norris* v.

*Sch. Dist.*, 12 Maine, 293–299. A general demurrer cannot be sustained if either count is good. *Dole* v. *Weeks*, 4 Mass., 451; *Swett* v. *Patrick*, 11 Maine, 181; *Blanchard* v. *Hoxie*, 34 Maine, 376,

In *Fernald* v. *Garvin*, 55 Maine, 414, the court do not modify previous decisions. That case merely holds that the demurrer must be to the whole declaration, and not to a single count; but it must be a special demurrer to the declaration; otherwise it will be overruled if either count is good; as was done in a case similar to this by the court of Virginia. *Roe* v. *Crutchfield*, 1 Hen. & Mun., 361, citing 1 Williams' Saunders, 286, note 9; *Pinkney* v. *Rutland*, 2 Saunders, 380, note 14.

APPLETON, C. J. The declaration contains four counts, one in debt on a judgment recovered in Rhode Island, one in debt on the same judgment including the cost of levy, one upon a note of hand by the indorsee against the maker and a general count for money lent, paid, laid out, had and received, &c.

The authorities all concur that an action of debt may be maintained upon a promissory note. An indorsee may maintain an action of debt against the maker. *Wilmarth* v. *Crawford*, 10 Wend., 340; *Raborg* v. *Peyton*, 2 Wheaton, 385. So it lies on a *quantum meruit* and *quantum valebant*. *Smith* v. *First Cong.*, &c., 8 Pick., 178.

The defendant demurred generally to the whole declaration. The count on the judgment is not questioned to be correct. The objection to the other counts is, that they are not technical in form. They allege an existing liability on the part of the defendant and a promise to pay in consideration thereof.

In *Norris* v. *School District*, 12 Maine, 293, the motion was made in arrest of judgment that counts in debt and assumpsit were joined. In delivering the opinion of the court, Parris, J. says: "In the case under consideration, the plaintiff alleges that the defendant, being indebted, promised to pay. This is setting forth a contract, upon which the law says either debt or assump-

sit will lie. If the indebtedness only had been alleged, it would have been sufficient in an action of debt. Is it so insufficient as to be the ground of arresting the judgment, because of the allegation that the indebtedness was admitted by an express promise? If the indebtedness had been directly alleged, the declaration would be good on special demurrer. As it is, we think it is not so defective as to require us to sustain this motion." In *Payne* v. *Smith*, 12 N. H., 34, the motion was made in arrest that the declaration was neither in debt nor assumpsit, the objection to the counts being similar to those applicable to some of the counts in the declaration under consideration. But the motion was overruled. "In 1 Chitty's Pleading, 348," observes Upham, J., "it is said that debt on *quantum meruit* and *quantum valebant* counts resemble those in assumpsit, except the words 'agree to pay,' are usually inserted instead of 'promise to pay.' This is, undoubtedly, the more accurate form, though we do not regard it as essential. Debt will lie on a promissory note, *Martin* v. *Root*, 17 Mass., 222 ; *Mandeville* v. *Riddle*, 1 Cranch., 290. In such case the evidence shows a promise to pay, which is sufficient; and if sufficient as a matter of evidence, it would seem to be sufficient in the declaration."

The further objection was taken that the count contained no allegation *per quod actio accrevit,* and that the count should so conclude. "The answer to this exception is," say the court, "that the declaration complies with the rule in substance. 'The declaration, after stating the legacy and assets received, alleges that the executor assented to, and promised to pay the same, whereby the defendant became liable to the plaintiff to pay said legacy,' which is equivalent to saying, 'whereby a right of action hath accrued for the same.' In either case, it is a mere assertion of liability to a suit, and, after verdict, we have no doubt, it is a sufficient allegation that a right of action has accrued."

These cases show conclusively, that, if there had been a verdict in this case, a motion in arrest of judgment would have been overruled.

In *Downer* v. *Shaw*, 3 Foster, 125, the court held, in debt on a foreign judgment recovered in another State on a promissory note, that the declaration might be amended by adding a count on the note. "The plaintiff," remarks Perley, J., "might originally have joined a count on the note with his count on the judgment. This is a usual precaution in actions on foreign judgments, and then, if the judgment is found to be invalid, as it was in this case, the plaintiff may recover his debt in the original form."

The demurrer is general. It has repeatedly been held that a general demurrer to a declaration containing several counts, is not to be sustained, if any of the counts are good. *Blanchard* v. *Hoxie*, 34 Maine, 376.

The counts on the note are to be regarded as defective counts in debt. The defendant is called to answer in a plea of debt only. There is no count in which the defendant is required to answer to a plea of the case.

Besides, we think, as the demurrer is general, that the defendant is in no better condition, than he would be in case after verdict he should move in arrest of judgment, and it has been seen that such motion would be overruled. *Exceptions overruled.*

Cutting, Walton, Dickerson, Danforth and Tapley, JJ. concurred.